# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

SAMANTHA REASONER

**(b)** County of Residence of First Listed Plaintiff ____________
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Kevin Console, Esq., Console Mattiacci Law,
1525 Locust Street, 9th Fl., Philadelphia, PA 19102
215-545-7676

**DEFENDANTS**

PREMIER PROPERTIES AND MANAGEMENT ASSOCIATES, LLC, *et al.*

County of Residence of First Listed Defendant Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)* Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
42 U.S.C. §1981

Brief description of cause:
Plaintiff was discriminated and retaliated against based on her race in violation of federal law.

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** In excess of $75,000

CHECK YES only if demanded in complaint: **JURY DEMAND:** ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions)*: JUDGE ____________ DOCKET NUMBER ____________

DATE 11/15/2023

SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: Glassboro, NJ 08028

Address of Defendant: 6100 City Avenue Philadelphia, PA 19131

Place of Accident, Incident or Transaction: Philadelphia, PA

***RELATED CASE, IF ANY:***

Case Number: ______________ Judge: ______________ Date Terminated: ______________

Civil cases are deemed related when ***Yes*** is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes ☐ No ☑
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes ☐ No ☑
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? Yes ☐ No ☑
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes ☐ No ☑

I certify that, to my knowledge, the within case ☐ **is** / ☒ **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 11/15/2023 ______________ 317235

*Attorney-at-Law / Pro Se Plaintiff* *Attorney I.D. # (if applicable)*

**CIVIL: (Place a √ in one category only)**

***A. Federal Question Cases:***

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☑ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
*(Please specify):* ______________

***B. Diversity Jurisdiction Cases:***

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* ______________
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
*(Please specify):* ______________

**ARBITRATION CERTIFICATION**

*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Kevin Console, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☒ Relief other than monetary damages is sought.

DATE: 11/15/2023 ______________ 317235

*Attorney-at-Law / Pro Se Plaintiff* *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

SAMANTHA REASONER : CIVIL ACTION

v. :

PREMIER PROPERTIES AND MANAGEMENT ASSOCIATES, LLC, et al. : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. ( X)

| 11/15/2023 | [signature] | Plaintiff, Samantha Reasoner |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-545-7676 | 215-689-4137 | Kevinconsole@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

SAMANTHA REASONER
Glassboro, NJ 08028

Plaintiff,

v.

PREMIER PROPERTIES AND MANAGEMENT ASSOCIATES, LLC; THE PREMIER @ CITY LINE; and PACL HOLDINGS, LLC
6100 City Avenue
Philadelphia, PA 19131

Defendants.

CIVIL ACTION NO.:

**COMPLAINT AND JURY TRIAL DEMAND**

## I. INTRODUCTION

Plaintiff, Samantha Reasoner ("Plaintiff"), brings claims against her former employers, Premier Properties and Management Associates, LLC; The Premier @ City Line; and PACL Holdings, LLC (collectively, "Defendants").

Defendants subjected Plaintiff to unlawful retaliation because of her complaints of race discrimination, including, without limitation, subjecting her to a hostile work environment culminating in the termination of her employment.

Defendants' retaliatory conduct is in violation of the Civil Rights Act of 1866, as amended, 42 U.S.C. §1981 ("Section 1981").

Plaintiff seeks all appropriate relief, including back-pay, front-pay, compensatory damages, punitive damages, attorneys' fees and costs, and any other available statutory relief that this Court deems appropriate.

**PARTIES**

1. Plaintiff, Samantha Reasoner, is an individual and a citizen of the state of New Jersey.

2. Defendant, Premier Properties and Management Associates, LLC, is incorporated in New Jersey and has a principal place of business at 6100 City Avenue, Philadelphia, PA 19131.

3. Defendant, The Premier @ City Line, is incorporated in Pennsylvania and has a principal place of business at 6100 City Avenue, Philadelphia, PA 19131.

4. Defendant, PACL Holdings, LLC, is incorporated in New Jersey and has principal places of business at 6100 City Avenue, Philadelphia, PA 19131 and 6069 Drexel Road, #71, Philadelphia, PA 19131.

5. Defendants are engaged in an industry affecting interstate commerce and regularly do business in the Commonwealth of Pennsylvania.

6. At all times material hereto, Plaintiff worked out of Defendants' location at 6100 City Avenue, Philadelphia, PA 19131.

7. At all times material hereto, Defendants acted by and through their authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendants and in furtherance of Defendants' business.

8. Defendants jointly employed Plaintiff, and exercised shared control and responsibility over the terms and conditions of Plaintiff's employment.

9. At all times material hereto, Defendants acted as employers within the meaning of the statutes which form the basis of this matter.

10. At all times material hereto, Plaintiff was an employee of Defendants within the meaning of the statutes which form the basis of this matter.

## III. JURISDICTION AND VENUE

11. The cause of action which forms the basis of this matter arises under Section 1981.

12. The District Court has jurisdiction over Count I (Section 1981) pursuant to 42 U.S.C. §1981, 28 U.S.C. § 1331 and 28 U.S.C. § 1332.

13. Venue is proper in the District Court under 28 U.S.C. §1391(b) and 42 U.S.C. § 2000(e)-5(f).

## IV. FACTUAL ALLEGATIONS

14. Plaintiff began working at Defendants on or about February 3, 2021.

15. Plaintiff held the position of Leasing Consultant.

16. Plaintiff consistently performed her job duties in a highly competent manner and received positive feedback.

17. Plaintiff last reported to Jennyfer Raudez, Property Manager.

18. Raudez reported to Judy Litman, Director of Operations.

19. Litman reported to Jack Adler, Chief Executive Officer.

20. On or about March 1, 2021, during a meeting with Angelica Ballard, Assistant Property Manager, Raudez and Plaintiff, Raudez made race discriminatory remarks including repeatedly using the word "nigger."

21. Plaintiff complained to Litman about Raudez's race discriminatory comments.

22. Plaintiff recommended to Litman that Defendants provide sensitivity training in order to help prevent further racist comments in the workplace.

23. Litman was dismissive of Plaintiff's complaints and her recommendation for training.

24. In response to Plaintiff's complaints, Litman stressed to Plaintiff that Raudez was

a good property manager, which Plaintiff understood to be an indication that Raudez's racist behavior would be tolerated by Defendants because she was viewed as a good performer.

25. Litman projected a sense of frustration and inconvenience in response to Plaintiff bringing this complaint of race discrimination to her attention.

26. Ballard also complained about Raudez's comments.

27. Defendants failed to investigate Plaintiff's complaints of race discrimination.

28. Defendants failed to take prompt or appropriate corrective or remedial measures in response to Plaintiff's complaints.

29. Following Plaintiff's race discrimination complaints, Defendants treated her differently and worse, and in a more hostile and dismissive manner, than non-complaining employees were treated.

30. Following Plaintiff's protected activity, she was ostracized, ignored and demeaned.

31. Plaintiff was left out of meetings that she had been invited to attend prior to her protected activity.

32. Plaintiff was instructed not to contact future residents that she had been working with prior to her protected activity.

33. On May 6, 2021, Plaintiff was terminated, effective immediately.

34. Plaintiff was informed of her termination by Raudez – the same person Plaintiff had just recently complained about engaging in race discrimination.

35. The stated reason for Plaintiff's termination was that Plaintiff was creating a hostile work environment.

36. Defendants failed to provide Plaintiff with any explanation, details or examples of how Plaintiff had in any way created a hostile work environment.

37. Plaintiff understood Defendants' stated reason to be a reference to her complaints of race discrimination.

38. Defendants' stated reason is false and pretextual.

39. Defendants terminated Plaintiff's employment because of her race discrimination complaints.

40. On May 6, 2021, Defendants also terminated Ballard.

41. Ballard and Plaintiff were the only employees reporting to Raudez who were terminated effective May 6, 2021.

42. Ballard and Plaintiff were the only employees reporting to Raudez that had complained of race discrimination.

43. Upon information and belief, Raudez remains employed with Defendants.

44. Plaintiff had no opportunity to remain employed with Defendants.

45. Before complaining of race discrimination, Plaintiff had no performance or disciplinary issues.

46. Before complaining of race discrimination, Plaintiff was generally treated fairly and received positive performance feedback.

47. Defendants did not follow any progressive discipline policy before terminating Plaintiff's employment.

48. Defendants retained and did not terminate non-complaining employees.

49. Defendants subjected Plaintiff to a hostile work environment because of her race discrimination complaints.

50. Defendants assigned Plaintiff's job duties and responsibilities to non-complaining employees.

51. Plaintiff was more qualified to perform her job duties and responsibilities than the non-complaining employees to whom they were assigned.

52. Defendants did not take any action to remedy or prevent the retaliation to which Plaintiff was subjected.

53. Defendants failed to take steps to protect Plaintiff from retaliation following her complaints of discrimination.

54. Defendants' retaliatory conduct toward Plaintiff has caused her emotional distress.

55. Defendants' comments and conduct evidence a bias against employees who engage in protected activity, including a pattern and practice of retaliating against employees who express concern about discrimination in the workplace.

56. Plaintiff's complaints about, and expressed opposition to, Defendants' race discriminatory conduct was and is a motivating and/or determinative factor in Defendants' retaliatory treatment of Plaintiff, including, without limitation, subjecting her to a hostile work environment and terminating her employment.

57. Defendants failed to prevent or address the retaliatory conduct referred to herein and further failed to take corrective and remedial measures to make the workplace free of retaliatory conduct.

58. The retaliatory conduct, as alleged herein, was severe and pervasive enough to make a reasonable person believe that the conditions of employment had been altered and that a hostile work environment existed, and made Plaintiff believe that the conditions of employment had been altered and that a hostile work environment existed.

59. The retaliatory actions taken against Plaintiff after she complained of discriminatory conduct would have discouraged a reasonable employee from complaining of

discrimination.

60. As a direct and proximate result of the retaliatory conduct of Defendants, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

61. Defendants acted with malice, reckless indifference, and/or deliberate indifference to Plaintiff's protected rights.

**COUNT I – SECTION 1981**

62. Plaintiff incorporates by reference the foregoing paragraphs as set forth herein in their entirety.

63. By committing the foregoing acts of retaliation against Plaintiff, Defendants have violated Section 1981.

64. Defendants acted willfully and/or intentionally with malice and/or reckless indifference to Plaintiff's federally protected rights, and Defendants' conduct was especially egregious, warranting the imposition of punitive damages.

65. As a direct and proximate result of Defendants' violation of Section 1981, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

66. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' retaliatory and unlawful acts unless and until this Court grants the relief requested herein.

67. No previous application has been made for the relief requested herein.

**RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendants:

(a) declaring the acts and practices complained of herein to be a violation of Section 1981;

(b) entering judgment against Defendants and in favor of Plaintiff in an amount to be determined;

(c) enjoining and restraining permanently the violations alleged herein;

(d) awarding compensatory damages to Plaintiff to make Plaintiff whole for all past and future lost earnings, benefits, and earning capacity, which Plaintiff has suffered and will continue to suffer as a result of Defendants' retaliatory and unlawful misconduct;

(e) awarding compensatory damages to Plaintiff for past and future emotional upset, mental anguish, humiliation, loss of life's pleasures, and pain and suffering;

(f) awarding Plaintiff costs of this action, together with reasonable attorneys' fees;

(g) awarding punitive damages to Plaintiff;

(h) awarding Plaintiff such other damages as are appropriate under Section 1981; and

(i) granting such other and further relief as this Court deems appropriate.

**CONSOLE MATTIACCI LAW, LLC**

Dated: November 15, 2023

BY: */s/ Kevin Console*
Kevin Console, Esquire
CONSOLE MATTIACCI LAW LLC
1525 Locust Street, 9th Floor
Philadelphia, PA 19102
Telephone: (215) 545-7676

*Attorneys for Plaintiff, Samantha Reasoner*